IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-172-FL

| | |
|---|---|
| DONALD ARELIOUS BIGGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER AND MEMORANDUM |
| ) | AND RECOMMENDATION |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

This *pro se* case is before the court on the motion to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(2) by Donald Arelious Biggs ("Plaintiff") and for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), respectively. The court finds that Plaintiff has demonstrated sufficient evidence of his inability to pay the required court costs. Accordingly, this court ALLOWS Plaintiff's motion to proceed *in forma pauperis*. However, for the reasons set forth below, this court RECOMMENDS that Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

## I. PROCEDURE AND PLAINTIFF'S COMPLAINT

This case involves a *pro se* plaintiff who filed a motion to leave to proceed *in forma pauperis* ("IFP") and a proposed complaint on April 12, 2011. [DE-1]. The IFP motion was referred to this court for consideration. On April 18, 2011, this court issued an order [DE-2] directing Plaintiff to correct specific deficiencies in his supportive application and affidavit on or by May 9, 2011. When Plaintiff failed to comply within the time allowed, the court entered an order denying Plaintiff's IFP motion and directing Plaintiff to pay the filing fee within thirty days, on or by June 13, 2011. [DE-5].

Thereafter, on May 23, 2011, Plaintiff filed a second IFP motion [DE-6], which this court considered as a supplementation to Plaintiff's earlier IFP motion. This court reviewed Plaintiff's second application and found it to be deficient for reasons outlined in the court's order of June 2, 2011. [DE-7]. The court directed Plaintiff to file a completed application within fourteen days, on or by June 16, 2011. In its order, this court alerted Plaintiff further of substantive deficiencies in his underlying complaint. Id.

Plaintiff's *pro se* complaint is a form complaint containing typewritten blanket allegations in a "fill in the blank" format, whereby Plaintiff must provide specific information substantiating his claims. The complaint filed by Plaintiff identifies the "Commissioner of Social Security" in the case caption as the sole Defendant. [DE-1.1 at 1]. No further identification of Defendant is provided in the complaint nor has Plaintiff made any allegations as to the jurisdiction this court has over the alleged dispute. Id. at 2. The factual basis of Plaintiff's complaint is equally sparse. The only allegation Plaintiff provides as to the substance or nature of his claim is in reference to the relief he seeks wherein he alleges "[t]hat the information from the hearing be looked at and the decision be overturned in my favor based on the facts." Id. at 3.[1]

In its June 2 order this court advised Plaintiff that in order to avoid dismissal of his complaint Plaintiff was permitted to file an amended complaint setting forth the court's jurisdiction and providing the factual support of the relief he seeks. [DE-7]. The order indicated further that if Plaintiff failed to supplement the IFP application within fourteen days, his IFP motion would be denied and Plaintiff was to tender to the court the filing fee within thirty days. Id. No filing fee was

---

[1] In the case civil cover sheet Plaintiff indicates the nature of his suit is social security insurance and concerns a denial by the appeals council. [DE-1.3]. Plaintiff submitted a second civil cover sheet wherein he states his "case [was] denied without just cause." [DE-3].

received by the court within the time allowed. However, on June 27, 2011, Plaintiff filed a third IFP motion [DE-8] which this court construes as further supplementation to Plaintiff's previous IFP applications. The court has reviewed Plaintiff's third IFP motion and finds that Plaintiff has demonstrated the eligibility for pauper status under 28 U.S.C. § 1915. However, Plaintiff has not amended the complaint or otherwise addressed the deficiencies in the complaint that were pointed out by the court in its June 2 order.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the court reviews his allegations in accordance with 28 U.S.C. § 1915(e)(2)(B), and shall dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B)(i-iii); see Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims").

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Although a complaint of a *pro se* plaintiff is entitled to more liberal treatment than those drafted by attorneys, White v. White, 886 F.2d 721, 724 (4th Cir. 1989), the court is not required to accept a *pro se* plaintiff's contentions as true. Denton v. Hernandez, 504 U.S. 25, 32 (1992) (explaining under predecessor statute 28 U.S.C. § 1915(d) that "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations"). Rather, the court is permitted "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly

3

baseless," Neitzke, 490 U.S. at 327, which include those with factual allegations that are "fanciful," "fantastic" or "delusional." Id. at 325, 328. Absent such allegations, "the initial assessment of the *in forma pauperis* plaintiff's factual allegations must be weighted in [his] favor." Denton, 504 U.S. at 32.

As part of its frivolity review, the court may consider whether the court has subject matter jurisdiction of the case. See Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure"); see also Tart v. Tart, No. 5:10-CV-557-FL, 2010 WL 5582470, at *1 (E.D.N.C. Dec. 10, 2010) (recommending dismissal of complaint for lack of subject matter jurisdiction as part of court's frivolity review under 28 U.S.C. § 1915) (citations omitted). "Federal courts are courts of limited jurisdiction and are empowered to act only in those specific situations authorized by Congress." Bowman v. White, 388 F.2d 756, 760 (4th Cir. 1968). The presumption is that a federal court lacks jurisdiction in a particular case unless it is demonstrated that jurisdiction exists. Lehigh Min. & Mfg. Co. v. Kelly, 160 U.S. 327, 337 (1895). The burden of establishing subject matter jurisdiction rests on the party invoking the jurisdiction of the court, here Plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). The complaint must affirmatively allege the grounds for jurisdiction. Bowman, 388 F.2d at 760. If the court determines that it lacks subject matter jurisdiction, the court must dismiss the action. FED. R. CIV. P. 12(h)(3).

### III. ANALYSIS

Federal subject matter jurisdiction is limited to actions in which the claim asserted by plaintiff raises a federal question or in which there is diversity of citizenship between plaintiff and defendant. 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction exists where plaintiff alleges a

violation of the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Jurisdiction based on diversity of citizenship requires plaintiff to demonstrate that none of the defendants holds citizenship in the same state as plaintiff, and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

While Plaintiff has not alleged the nature of his lawsuit with particularity, the civil cover sheet accompanying the complaint suggests that Plaintiff seeks recovery of social security benefits denied him by the Commissioner. Plaintiff has made no allegations demonstrating diversity jurisdiction. In any case, Plaintiff has filed suit against the Commissioner of the Social Security Administration.[2] In order for this court to exercise jurisdiction over a decision of the Commissioner, that decision must be considered the Commissioner's "final decision." See 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner ... made after a hearing ... may obtain a review of such decision by a civil action ....") (emphasis added); see also Mathews v. Eldridge, 424 U.S. 319, 327 (1976) (explaining "the only avenue for judicial review [of the denial of social security benefits] is 42 U.S.C. § 405(g), which requires exhaustion of the administrative remedies provided under the Social Security Act as a jurisdiction prerequisite"). To obtain a judicially reviewable "final decision ," the claimant must complete an administrative review process. 20 C.F.R. §§ 404.900(a), 416.1400(a); see generally Califano v. Sanders, 430 U.S. 99, 101 (1977) (articulating general procedures). The administrative process consists of four steps: (1) initial determination, (2)

---

[2] Plaintiff has named the appropriate defendant in order to seek an award of Social Security disability benefits. 20 C.F.R. § 422.210(d) ("Where any civil action [against the SSA] is instituted, the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant."); *see also Keesing v. Apfel*, 124 F. Supp. 2d 134, 135 (N.D.N.Y 2000) (citing *Ostroff v. Florida, Dep't of Health & Rehab. Servs.*, 554 F. Supp. 347, 352 (M.D. Fla. 1983) (explaining § 405(g) only authorizes suits against the Secretary of Health and Human Services, now the Commissioner of Social Security)).

reconsideration, (3) hearing before an administrative law judge ("ALJ"), and (4) Appeals Council review. Id. §§ 404.900(a)(1-4), 416.1400(a)(1-4). Proceeding through these stages exhausts the claimant's administrative remedies. Only upon completion of these steps may the claimant then seek judicial review by filing an action in a federal district court. Id. §§ 404.900(a)(5), 416.1400(a)(5).

Given the lack of allegations contained in the complaint that the exhaustion requirement has in fact been satisfied, this court lacks jurisdiction to review the Commissioner's termination of Plaintiff's benefits. See Mathews, 424 U.S. at 327 (holding that the exhaustion of administrative remedies provided for by the Social Security Act is a "jurisdictional prerequisite" for judicial review by a district court). Accordingly, Plaintiff has failed to carry his burden in demonstrating that the Court has subject matter jurisdiction pursuant to 42 U.S.C. § 405(g).

Plaintiff's failure to exhaust administrative remedies should not be excused in this case. See Bowen v. City of New York, 476 U.S. 467, 481-85 (1986). Such a failure may be excused when (1) the claim is collateral to the claim for benefits; (2) the claimant would be irreparably harmed, and (3) relief is consistent with the policies underlying the exhaustion requirement. Hyatt v. Heckler, 807 F.2d 376, 378 (4th Cir.1986) (citing Bowen, 476 U.S. at 481-85). A failure to exhaust administrative remedies may also be excused where "the plaintiff asserts a 'colorable' constitutional claim that is 'collateral' to the merits." Varandani v. Bowen, 824 F.2d 307, 310 (4th Cir.1987) (citing Mathews, 424 U.S. at 330-31). Here, Plaintiff has made mo allegations from which this court may conclude an exception to the exhaustion requirement applies.

### III. CONCLUSION

For the reasons stated above, this court ALLOWS Plaintiff's application to proceed *in forma*

*pauperis*. In addition, this court RECOMMENDS that the underlying complaint be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This, the 11th day of July, 2011.

Robert B. Jones, Jr.
United States Magistrate Judge