IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CV-172-FL

| | | |
|---|---|---|
| DONALD ARELIOUS BIGGS,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | ORDER |

This matter comes before the court on the recommendation that *pro se* plaintiff's claim be dismissed without prejudice for lack of subject matter jurisdiction (DE # 9) and plaintiff's motion for hearing (DE # 10). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones entered a memorandum and recommendation ("M&R") wherein he allows granting plaintiff's motion for leave to proceed in forma pauperis ("IFP"), but recommends dismissing plaintiff's claim for lack of subject matter jurisdiction. No objections to the M&R have been filed, yet on July 26, 2011, plaintiff filed a *pro se* motion for hearing, which the court construes as an objection to the M&R. For the reasons that follow, the court adopts the findings and recommendation of the magistrate judge and denies plaintiff's motion for hearing.

**COURT'S DISCUSSION**

On April 12, 2011, *pro se* plaintiff filed a proposed complaint and moved for leave to proceed IFP. On April 18, 2011, the court directed plaintiff to correct certain deficiencies in his

supportive application. Plaintiff failed to comply within the time allowed, and the court entered order denying plaintiff's motion to proceed IFP and directing plaintiff to pay the filing fee. Thereafter, plaintiff filed a second IFP motion, which the court considered as supplementation to the earlier motion. Upon review, the supplementation was found to be deficient and plaintiff was directed to file a complete application within fourteen (14) days. Plaintiff was permitted to file amended complaint setting forth the court's jurisdiction. Plaintiff filed a third IFP motion, which the magistrate judge allowed, but recommended that under 28 U.S.C. § 1915(e)(2)(B), plaintiff's complaint should be dismissed for lack of subject matter jurisdiction.

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

As noted above, plaintiff filed a motion for hearing within the time allotted for him to file an objection to the M&R, and said motion is considered as an objection. Keeping in mind plaintiff's *pro se* status, and granting his filings more liberal treatment, White v. White, 886 F.2d 721, 724 (4th Cir. 1989), the court agrees with the findings of the magistrate judge.

Plaintiff seeks recovery of social security benefits. The magistrate judge set forth in detail

the basis for the court's jurisdiction and plaintiff's failure to demonstrate the same. In particular, the magistrate judge noted that while federal courts have jurisdiction over decisions of the Commissioner of Social Security, in order for the court to have such jurisdiction, the decision must be the "final decision" of the Commissioner. See 42 U.S.C. § 405(g). To obtain a judicially reviewable "final decision," the claimant must complete the administrative review process. See 20 C.F.R. §§ 404.900(a), 416.1400(a). As the magistrate judge noted, the administrative process consists of four steps: (1) initial determination, (2) reconsideration, (3) hearing before an administrative law judge ("ALJ") and (4) Appeals Council review. Id. §§ 404.900(a)(1-4), 416.1400(a)(1-4). Only once a claimant has completed all four steps, has he exhausted his administrative remedies.

Plaintiff motion, construed as an objection, references a "hearing" at which he contends his records demonstrated his disability. He also states that there was a "second case" where plaintiff was told that there were certain jobs he could perform. Plaintiff contends that the judge's decision was not based on the correct facts. (Mot. 1-2.) While from the face of plaintiff's motion is it not clear whether he describes an administrative hearing in front of an ALJ, based on the context of plaintiff's other filings, this seems to be the case. Plaintiff's motion is two pages and contains no more facts than the ones briefly described. Plaintiff does not allege that any appeal was made to the Appeals Court. The court acknowledges that plaintiff proceeds *pro se* and is untrained in the law, yet even construing plaintiff's filings liberally, the court cannot conclude that he has exhausted his administrative remedies, and therefore this court does not have subject matter jurisdiction over his claims. As set forth in more detail in the M&R, plaintiff's failure to exhaust administrative remedies should not be excused. (M&R 6.)

Accordingly, the court agrees with the magistrate judge that plaintiff's complaint should be dismissed for lack of subject matter jurisdiction. The court finds that a hearing would not supplement the court's analysis, and plaintiff's motion for hearing is denied.

**CONCLUSION**

In sum, the magistrate judge granted plaintiff's IFP motion but recommends dismissing plaintiff's complaint for lack of subject matter jurisdiction. Upon considered review of the M&R, the court finds that the conclusions reached by the magistrate judge are supported by controlling case law as applied to the facts of this case. As such, the court ADOPTS in full the findings and recommendations of the magistrate judge. Accordingly, plaintiff's complaint is DISMISSED without prejudice. Plaintiff's motion for hearing (DE # 10) is DENIED. The Clerk is directed to close this case.

SO ORDERED, this the 17 day of August, 2011.

LOUISE W. FLANAGAN
Chief United States District Court Judge